UNITED STATES of America,
Plaintiff-Appellee,

v.

Jerry Delona EVANS,
Defendant-Appellant.

No. 77–3665.

United States Court of Appeals,
Ninth Circuit.

May 24, 1978.

Kenneth McMullan (argued), San Diego, Cal., for defendant-appellant.

Stephen V. Petix, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Stephen V. Petix, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before BARNES and KENNEDY, Circuit Judges, and BARTELS,* District Judge.

PER CURIAM:

Defendant Evans appeals his conviction for transporting illegal aliens. Two passengers in Evans's car were identified as illegal

* Honorable John R. Bartels, Senior District Judge for the Eastern District of New York, sitting by designation.

aliens when he was in the process of seeking entrance into the Marine Corps Base at Camp Pendleton. He contends that incriminating statements which he made to a Border Patrol Agent the day after his arrest should have been suppressed because on the previous day he had stated to a Marine Corps Sergeant that he wanted an attorney. The Government argues that in view of the lapse of time, during which there were two intervening *Miranda* warnings, and the fact that Evans never again mentioned a desire for counsel, he had effectively waived his right to counsel.

Evans also argues that he was illegally detained by the guard at the entrance gate to Camp Pendleton at the time he sought entry. The Government urges that the brief detention, which lasted ten to 20 minutes—as long as it took to question the passengers in defendant's car—was required as part of the legitimate screening procedure for all persons seeking to enter the military installation, and was moreover consented to by Evans himself.

There are but two issues:

1. Whether the statements of defendant were made after a voluntary, knowing, and intelligent waiver of his right to counsel?

2. Whether the discovery of the illegal status of defendant's alien passengers occurred during a reasonable detention for the purpose of questioning the two passengers observed in his vehicle, in order to determine defendant's eligibility to enter a military installation?

We answer both questions in the affirmative.

▮ I. There was here no *Miranda* type error. Appellant relied on the issue raised in two recent Ninth Circuit cases: *United States v. Flores-Calvillo,* 571 F.2d 512, and *United States v. Nixon,* 571 F.2d 1121. Each of them rested on their panel's interpretation of *Miranda v. Arizona,* 384 U.S. 436, 474, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965), and *Michigan v. Mosley,* 423 U.S. 96, 101 n.1, 104 n.10, 109–110, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), which were stated to establish a *per se* rule that any interrogation of a person who has once expressed a desire for counsel cannot be resumed until counsel is present, even though the accused changed his mind.

Subsequent to the initial decisions in *Flores-Calvillo* and *Nixon,* an en banc decision of this Court rejected the *per se* rule, and held instead that a suspect in a criminal investigation can waive his right to counsel after having initially requested the assistance of an attorney. *United States v. Rodriguez-Gastelum,* 569 F.2d 482, 483, 486 (9th Cir. 1978). The original *Nixon* and *Flores-Calvillo* opinions were then withdrawn. We find here that the Government has clearly borne its "heavy burden" of demonstrating that the defendant voluntarily, "knowingly and intelligently waived his privilege against self-incrimination and his right to . . . counsel." *Rodriguez-Gastelum, supra,* 569 F.2d at 486.

▮ II. Defendant's short detention at the gate to Camp Pendleton when he requested admission without a visitor's pass was in accordance with base regulations. Corporal Alvarez asked appellant's consent to interrogate the two aliens, and received it. This case is readily distinguishable from *United States v. Vaughan,* 475 F.2d 1262 (10th Cir. 1973) relied on by appellant's counsel. In *Vaughan,* the gate sentry, without consent, conducted a full search of the accused's truck. *See United States v. Davis,* 482 F.2d 893, 908 (9th Cir. 1973).

The Government having borne its "heavy burden" of showing that defendant Evans voluntarily, knowingly, and intelligently waived his right to counsel when he made his statements, Evans statements were therefore properly admitted. The brief detention of Evans at the gate while Corporal Alvarez questioned the passengers of his car was not in violation of the Fourth Amendment.

The judgment is AFFIRMED.

Let the remand to the District Court be issued forthwith.

KENNEDY, Circuit Judge, concurring:

I concur in the judgment of the court and, since appellant was held in custody

after initially requesting counsel, I offer a further explanation of the circumstances of the waiver.

Appellant's rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were scrupulously honored by both the sergeant at Camp Pendleton and by the two border patrol agents. Appellant was twice informed of his rights at Camp Pendleton. On the day appellant was first detained the sergeant at the gate fully informed him of his rights as soon as the illegal aliens were discovered. Appellant was also advised that as a civilian he was not entitled to an appointed military attorney, but that civilian counsel would be appointed either by the court or when he was turned over to another agency. A border patrol agent arrived within forty-five minutes, and he also informed appellant of his *Miranda* rights. Neither the sergeant nor the agent questioned appellant. The following morning at the Chula Vista Border Patrol Station a second agent talked with appellant and appellant's rights were explained a third time. At this point appellant spoke briefly to the agent. After the agent informed appellant that the agent was aware of appellant's prior record, appellant made several incriminating statements. The failure of the Marine sergeant to supply instantly an attorney and the reiteration of the offer of counsel by the agents did not suggest that appellant's rights were not being respected, nor was the conduct of the sergeant or the agents in any other fashion conducive to such an impression. *Cf. United States v. Nixon,* 571 F.2d 1121 (9th Cir. 1978). The Government has met its heavy burden under *United States v. Rodriguez-Gastelum,* 569 F.2d 482 (9th Cir. 1978) (en banc), of showing that appellant voluntarily, knowingly, and intelligently waived his right to counsel and to remain silent.